Filed 4/10/25  In re Sophia V. CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| In re SOPHIA V. et al., Persons Coming Under the Juvenile Court Law. _____ LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>        Plaintiff and Respondent,<br><br>        v.<br><br>YESENIA O.,<br><br>        Defendant and Appellant. | B332240<br><br>(Los Angeles County Super. Ct. No. 21CCJP04166D-E) |

APPEAL from orders of the Superior Court of Los Angeles County, Mark A. Davis, Judge.  Dismissed.

Marissa Coffey, under appointment by the Court of Appeal, for Defendant and Appellant.

Dawyn R. Harrison, County Counsel, Kim Nemoy, Assistant County Counsel, and Aileen Wong, Senior Deputy County Counsel, for Plaintiff and Respondent.

_____

## INTRODUCTION

Yesenia O. appeals from the juvenile court's jurisdiction findings and disposition orders declaring her children Sophia V. and Abraham V. dependent children of the court under Welfare and Institutions Code section 300.[1]  Yesenia argues substantial evidence did not support the juvenile court's jurisdiction findings that her inability to care for her older child, Jacob V., who had behavioral problems, placed Sophia and Abraham at substantial risk of serious physical harm.

While this appeal was pending, the juvenile court terminated its jurisdiction, leaving Sophia and Abraham in the custody of Yesenia and her husband, Omar V.  Yesenia appealed from the order terminating jurisdiction, but her appellate counsel filed a brief under *In re Phoenix H.* (2009) 47 Cal.4th 835 raising no issues, and we dismissed that appeal.  Because we cannot provide Yesenia any effective relief, we dismiss this appeal as moot.

_____

[1]     Statutory references are to the Welfare and Institutions Code.

**FACTUAL AND PROCEDURAL BACKGROUND**

A. *The Juvenile Court Sustains a Petition on Behalf of Sophia and Abraham*

In May 2023 Jacob (14), Sophia (11), and Abraham (five) lived with their parents, Yesenia and Omar, who had adopted the three siblings four years earlier after the juvenile court terminated their biological parents' parental rights.[2] The Los Angeles County Department of Children and Family Services received a report Yesenia hit Jacob, pulled his hair, and stepped on his ribs. Yesenia denied the allegations and told the social worker that Jacob had schizophrenia and that he had made up similar stories in the past.

In September 2023 the juvenile court sustained a petition under section 300, subdivisions (b) and (j), on behalf of Sophia and Abraham.[3] The court found true allegations that Yesenia and Omar were unable to appropriately care for and supervise Jacob, that Yesenia and Omar asked the court to remove Jacob from them, and that their inability to appropriately care for and supervise Jacob endangered the physical health and safety of Sophia and Abraham and placed them at substantial risk of serious physical harm. At disposition the juvenile court declared Sophia and Abraham dependent children of the court, ordered

---

[2] Four-year-old Destiny G. also lived with Yesenia and Omar "in a permanent placement case pending adoption."

[3] The juvenile court also sustained a petition under section 342, subdivision (b), on behalf of Jacob. Yesenia did not appeal from the jurisdiction findings or disposition orders regarding Jacob.

them to remain in Yesenia and Omar's home, and ordered Yesenia and Omar to participate in parenting classes and counseling. Yesenia timely appealed from the court's jurisdiction findings and disposition orders.

### B. *The Juvenile Court Terminates Jurisdiction*

At the section 364 judicial review hearing in June 2024 the juvenile court found the conditions that justified assuming jurisdiction over Sophia and Abraham under section 300 no longer existed and were not likely to exist if the court withdrew supervision. The court terminated its jurisdiction over Sophia and Abraham.[4] Yesenia timely appealed from the orders terminating jurisdiction. We dismissed that appeal, however, after Yesenia's appellate counsel filed a brief stating there were no arguable issues and after Yesenia failed to file a supplemental brief. (*In re S.V.*, B339119, dism. Oct. 30, 2024; see *In re Phoenix H.*, *supra*, 47 Cal.4th at p. 844.)

Meanwhile, in this appeal the Department argued in its respondent's brief that the appeal was moot. The Department also filed a motion to dismiss the appeal. Yesenia argued in her reply brief we should exercise our discretion to reach the merits of her appeal; she did not file an opposition to the motion to dismiss.

---

[4] We take judicial notice of the juvenile court's June 24, 2024 orders. (See Evid. Code, §§ 452, subd. (d), 459.)

**DISCUSSION**

A.    *Applicable Law*

"Juvenile dependency appeals raise unique mootness concerns because the parties have multiple opportunities to appeal orders even as the proceedings in the juvenile court proceed." (*In re N.S.* (2016) 245 Cal.App.4th 53, 59.)  The "'critical factor in considering whether a dependency appeal is moot is whether the appellate court can provide any effective relief if it finds reversible error.'" (*In re Rashad D.* (2021) 63 Cal.App.5th 156, 163; see *In re D.P.* (2023) 14 Cal.5th 266, 275 (*D.P.*); *In re Gael C.* (2023) 96 Cal.App.5th 220, 224.)  "For relief to be 'effective,' two requirements must be met.  First, the [appellant] must complain of an ongoing harm.  Second, the harm must be redressable or capable of being rectified by the outcome the [appellant] seeks." (*D.P.*, at p. 276; accord, *In re T.R.* (2024) 107 Cal.App.5th 206, 214.)

Relief "is effective when it 'can have a practical, tangible impact on the parties' conduct or legal status.'" (*D.P.*, *supra,* 14 Cal.5th at p. 277.)  "It follows that, to show a need for effective relief, the plaintiff must first demonstrate that he or she has suffered from a change in legal status.  Although a jurisdictional finding that a parent engaged in abuse or neglect of a child is generally stigmatizing, complaining of 'stigma' alone is insufficient to sustain an appeal.  The stigma must be paired with some effect on the plaintiff's legal status that is capable of being redressed by a favorable court decision." (*Ibid.*)  "For example, a case is not moot where a jurisdictional finding affects parental custody rights [citation], curtails a parent's contact with his or her child [citation], or 'has resulted in [dispositional] orders

5

which continue to adversely affect' a parent." (*Id.* at pp. 277-278.) In addition, because "'[d]ependency jurisdiction attaches to a child, not to his or her parent,'" "where jurisdictional findings have been made as to both parents but only one parent brings a challenge, the appeal may be rendered moot." (*Id.* at p. 283.)

"A reviewing court must "'decide on a case-by-case basis whether subsequent events in a juvenile dependency matter make a case moot and whether [its] decision would affect the outcome in a subsequent proceeding.""'" (*D.P.*, *supra*, 14 Cal.5th at p. 276.) "'When no effective relief can be granted, an appeal is moot and will be dismissed.'" (*In re J.A.* (2020) 47 Cal.App.5th 1036, 1050-1051.)

Even when a case is moot, however, the reviewing court generally has "inherent discretion" to reach the merits of an appeal. (*D.P.*, *supra*, 14 Cal.5th at p. 282.) The reviewing court generally will exercise that discretion when a case involves an issue of broad public interest that is likely to recur, when the controversy between the parties may recur, or when a material question remains for the court's determination. (*Ibid.*) The Supreme Court in *D.P.* identified several other factors for courts to consider in deciding whether discretionary review of a moot case is appropriate. (*Id.* at pp. 284-286.) First, the court may consider whether a challenged jurisdiction finding could impact current or future dependency proceedings, for example, by influencing a child protective agency's decision to file a new dependency petition or a juvenile court's determination about further reunification services. (*Id.* at p. 285.) Second, the court may consider the allegations against the parent: "The more egregious the findings against the parent, the greater the parent's interest in challenging such findings." (*Id.* at p. 286.)

6

Third, the court may consider whether the case became moot because a parent promptly complied with his or her case plan: "It would perversely incentivize noncompliance if mootness doctrine resulted in the availability of appeals from jurisdictional findings only for parents who are less compliant or for whom the court has issued additional orders." (*Ibid.*)

B.     *Yesenia's Appeal from the Jurisdiction Findings Is Moot*

Yesenia argues substantial evidence did not support the juvenile court's findings Yesenia's inability to care for Jacob placed Sophia and Abraham at substantial risk of serious physical harm. Her challenge to the jurisdiction findings, however, is moot for at least two reasons.

First, Yesenia does not complain of any ongoing harm or change in legal status. (See *D.P.*, *supra*, 14 Cal.5th at pp. 276-277.) Sophia and Abraham remained with Yesenia throughout the dependency proceedings, and the juvenile court terminated its jurisdiction without issuing custody and visitation orders or any other orders that "'continue to adversely affect'" Yesenia. (*Id.* at p. 278.) Because Yesenia "has not demonstrated a specific legal or practical consequence that would be avoided upon reversal of the jurisdictional findings" (*id.* at p. 273), her appeal is moot. (See *In re N.S.*, *supra*, 245 Cal.App.4th at p. 61 [court could not grant effective relief where mother was awarded custody "and the jurisdictional findings [were] not the basis of any current order that [was] adverse to her"].)

Second, because Omar did not appeal from the jurisdiction findings, even if we reversed the findings against Yesenia, the juvenile court would still have (had) jurisdiction over Sophia and

Abraham until it terminated its jurisdiction. For that additional reason, we cannot provide Yesenia effective relief, and her appeal is moot. (See *D.P.*, *supra*, 14 Cal.5th at p. 283; see, e.g., *In re M.C.* (2023) 88 Cal.App.5th 137, 150-151 ["'Because the juvenile court assumes jurisdiction of the child, not the parents, jurisdiction may exist based on the conduct of one parent only.'"]; *In re D.P.* (2014) 225 Cal.App.4th 898, 902 ["'[a]s long as there is one unassailable jurisdictional finding, it is immaterial that another might be inappropriate'"].)

C.      *Discretionary Review of Yesenia's Moot Appeal Is Not Warranted*

Yesenia argues we should exercise our discretion to reach the merits of her moot appeal. She argues that Sophia and Abraham "were never at any risk of harm" and that "the family's struggles stemmed only from the parents' admitted difficulties in addressing and treating the behaviors Jacob had developed prior to his placement with them." Yesenia also argues the jurisdiction findings allow the Department to "continue to threaten" to remove Sophia and Abraham from Yesenia and affect Yesenia's ability to care for Destiny and "any other child the family may wish to care for in the future."

Exercising our discretion to hear Yesenia's moot appeal is not appropriate. Yesenia does not argue that her case involves an issue of broad public interest that is likely to recur or that a material question remains for the court's determination. (See *D.P.*, *supra*, 14 Cal.5th at p. 282.) Nor does she cite or discuss any of the factors the Supreme Court identified in *D.P.* for deciding whether discretionary review of a moot case is appropriate. (See *id.* at pp. 285-286.) Yesenia's assertion the

8

jurisdiction findings allow the Department to threaten to remove Sophia and Abraham, or to interfere with her ability to care for or adopt Destiny or other children, is speculative.  (See *id.* at p. 278 [speculative future harm is insufficient to avoid mootness]; *In re Rashad D.*, *supra*, 63 Cal.App.5th at p. 164, fn. 5 [argument "that the jurisdiction finding might influence the Department's decision to file a new dependency petition at some point in the future . . . is too speculative to justify appellate review of an otherwise moot case"].)

## DISPOSITION

The Department's request for judicial notice, motion to augment the record, and motion to dismiss the appeal is granted. The appeal is dismissed.

SEGAL, J.

We concur:

MARTINEZ, P. J.

FEUER, J.

9